UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **GERALD FREDE REINOSO PICHARDO,** | ) )  ) ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. ) 21-11887-FDS |
| **DEPARTMENT OF HOMELAND SECURITY, et al.,** | ) ) ) ) |
| Respondents. | ) ) ) |

## AMENDED MEMORANDUM AND ORDER

**SAYLOR, C.J.**

This is a *pro se* petition for a writ of habeas corpus that includes a request for a stay of removal. For the reasons set forth below, the petition will be denied without prejudice, and the request for a stay will be transferred to the Court of Appeals for consideration as possible a petition for judicial review of an order of removal under 8 U.S.C. § 1252(a)(5).

### I.   Background

On November 18, 2021, petitioner Gerald Frede Reinoso Pichardo, an immigration detainee currently confined at the Plymouth County Correctional Facility, filed a one-page petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition also seeks a stay of removal to provide petitioner "time for further filings and proceedings." (Petition, 1 at p. 1). The petition names as respondents the Department of Homeland Security, Immigration and Customs Enforcement, and the Plymouth County Sheriff's Department. *Id.*

The petition states that petitioner "was convicted in the state of Rhode Island for possession of guns and intent to deliver fentanyl and mail fraud." (Petition, 1 at p. 1). It further states that his "application for relief was denied by the Immigration Judge based on the finding that the petitioners' conviction qualified as an aggravated felony under the Immigration and Nationality Act." *Id.* He appealed to the Board of Immigration Appeals, but his "counsel [withdrew] the application and it was dismissed." *Id.* The petition alleges that he has been held in immigration custody for more than six months. *Id.*

On November 23, 2021, petitioner filed a letter with the Court "with the purpose of getting mercy [and] explaining [his] case and situation." (Letter, 3 at p. 1). In the letter, he recounts the circumstances surrounding his state-court convictions. *Id.*

## II.   Preliminary Screening

The petition has not been served pending the court's preliminary review. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition").[1]

## III.   The Petition Fails to State a Plausible Claim for Relief

Section 2241 gives district courts jurisdiction to hear a habeas corpus petition alleging that the petitioner is held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases).

In *Zadvydas*, the Supreme Court addressed whether 8 U.S.C. § 1231(a)(6) authorized the Government to detain an alien subject to a final order of removal for more than the ninety-day statutory period to secure his removal. *Zadvydas*, 533 U.S. at 682. Because "indefinite detention of [such] aliens . . . would raise serious constitutional concerns," the court read § 1231(a)(6) to "contain an implicit 'reasonable time' limitation." *Id.* "[T]o guide lower court determinations," the court concluded that a "presumptively reasonable period of detention" was six months after entry of the final order of removal. *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, the petition fails to plead any facts, or provide any evidence, showing that petitioner's removal is not likely in the reasonably foreseeable future or that there is a legal impediment to his removal from the United States. And other than the statement that he has been in immigration custody for more than six months, there are no factual allegations concerning his continued detention. Thus, any challenge to his continued detention is subject to dismissal because the petition fails to include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007).

The petition will therefore be dismissed without prejudice to the filing of a renewed petition alleging that petitioner has been detained beyond the presumptively reasonable six-month period and that there is no significant likelihood of his removal in the reasonably foreseeable future.

### IV.     **This Court Is Without Jurisdiction to Issue a Stay of Removal**

To the extent petitioner seeks a stay of removal, this court is without jurisdiction to grant such relief.  The relevant statutes provide that the courts of appeals shall have exclusive jurisdiction over such claims.  *See* 8 U.S.C. § 1252(a), (b)(9) and (g).  Judicial review lies exclusively in the appropriate court of appeals.  *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter").  The request for a stay therefore cannot be granted by this Court.

### V.     **The Request for a Stay Will Be Transferred to the Court of Appeals**

*Pro se* submissions are subject "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Under the circumstances, a transfer of the request for stay of removal may be warranted in the interests of justice pursuant to 28 U.S.C. § 1631.  That statute provides that if a court lacks jurisdiction over an action, that court may transfer such action to any other court in which the action could have been brought at the time it was filed or noticed, if it is in the interests of justice, and the action shall proceed as if it had been filed on the date upon which it which it was actually filed in the transferee court.  As noted, a court of appeals has the authority to review an order of removal.  While it is unclear whether the First Circuit is the appropriate court to conduct such a review, in the interests of justice the Court will transfer the request for stay to that court rather than deny it outright.

### VI.     **Order**

For the foregoing reasons

1. The petition for a writ of habeas corpus is DENIED without prejudice.

2. The request for a stay of removal is hereby TRANSFERRED to the United States Court of Appeals for the First Circuit for consideration as a possible petition for judicial review of an order of removal under 8 U.S.C. § 1252(a)(5).

3. The clerk is directed to close this matter.

**So Ordered.**

Dated: November 30, 2021

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court